**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

```
KIMBERLY DENISE McCRAY,        )      NO. CV 15-4241-E
                               )
              Plaintiff,       )
                               )
        v.                     )      MEMORANDUM OPINION
                               )
CAROLYN W. COLVIN, Commissioner)
of Social Security,            )
                               )
              Defendant.       )
_____)
```

**PROCEEDINGS**

Plaintiff filed a Complaint on June 5, 2015, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on July 15, 2015.

Plaintiff filed a motion for summary judgment on November 12, 2015.  Defendant filed a motion for summary judgment on December 14, 2015.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed June 8, 2015.

///

1            **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

2

3       Plaintiff asserted disability since March 31, 2011, based

4   primarily on alleged back pain, hypertension and diabetes

5   (Administrative Record ("A.R.") 24, 26, 133-34).  An Administrative

6   Law Judge ("ALJ") examined the medical record and heard testimony from

7   Plaintiff, a medical expert and a vocational expert (A.R. 10-327).

8

9       The ALJ found Plaintiff "has the following severe impairments:

10  Diabetes Mellitus, Hypertension, Chronic Low Back Pain and Obesity"

11  (A.R. 12).  The ALJ also found, however, that Plaintiff retains "the

12  residual functional capacity to perform light work . . . with

13  occasional postural limitations, occasional pushing with the lower

14  extremities, no climbing ladders, ropes and scaffolds, no work at

15  unprotected heights and no work around dangerous moving machinery"

16  (A.R. 13).  The ALJ determined that a person with this residual

17  functional capacity could perform several of Plaintiff's prior jobs,

18  including Plaintiff's past relevant work as a telephone solicitor

19  (A.R. 15).  The Appeals Council denied review (A.R. 1-3).

20

21                      **STANDARD OF REVIEW**

22

23      Under 42 U.S.C. section 405(g), this Court reviews the

24  Administration's decision to determine if: (1) the Administration's

25  findings are supported by substantial evidence; and (2) the

26  Administration used correct legal standards.  See Carmickle v.

27  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

28  499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner

2

1  of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).

2  Substantial evidence is "such relevant evidence as a reasonable mind

3  might accept as adequate to support a conclusion."  Richardson v.

4  Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted);

5  see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

6

7        If the evidence can support either outcome, the court may

8        not substitute its judgment for that of the ALJ.  But the

9        Commissioner's decision cannot be affirmed simply by

10       isolating a specific quantum of supporting evidence.

11       Rather, a court must consider the record as a whole,

12       weighing both evidence that supports and evidence that

13       detracts from the [administrative] conclusion.

14

15  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

16  quotations omitted).

17

18

19                              **DISCUSSION**

20

21       After consideration of the record as a whole, Defendant's motion

22  is granted and Plaintiff's motion is denied.  The Administration's

23  findings are supported by substantial evidence and are free from

24  ///

25  ///

26  ///

27  ///

28  ///

1  material[1] legal error.  Plaintiff's contrary arguments are unavailing.

2

3  **I.   Plaintiff Failed to Carry Her Burden of Proof.  Substantial**

4       **Evidence Supports the Conclusion Plaintiff Can Work.**

5

6       A social security claimant bears the burden of "showing that a

7  physical or mental impairment prevents [her] from engaging in any of

8  [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511

9  (9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5

10 (1987).  Substantial evidence supports the conclusion Plaintiff failed

11 to carry this burden.

12

13      Dr. Maxwell, the medical expert, testified that Plaintiff retains

14 the residual functional capacity the ALJ found to exist (A.R. 26).

15 Dr. Michael Hartman, a non-examining state agency physician, likewise

16 opined Plaintiff could perform light work with the limitations the ALJ

17 found to exist (A.R. 39-43).  Where, as here, the opinion of a non-

18 examining physician does not contradict "all other evidence in the

19 record," an ALJ properly may rely on the opinion.  See Andrews v.

20 Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

21

22      The record of Plaintiff's conservative medical treatment and the

23 results of medical testing of Plaintiff corroborate the above

24 described medical opinions.  X-ray testing revealed only mild changes

25 _____

26      [1]   The harmless error rule applies to the review of
    administrative decisions regarding disability.  See Garcia v.
27 Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v.
    Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart,
28 400 F.3d 676, 679 (9th Cir. 2005).

or abnormalities in Plaintiff's lumbar spine and no abnormalities in Plaintiff's knee (A.R. 307-09).  A chest x-ray was normal (A.R. 284-85).  A straight leg raising test was negative (A.R. 303).  On examination, Plaintiff walked with a normal gait and station and exhibited "well-developed extremities" with full range of motion (A.R. 210-11, 220, 223).  A diabetic foot examination was normal (A.R. 303).

Although some of the medical evidence may be in conflict, it is the prerogative of the ALJ to resolve such conflicts.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision.  See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

II. **Plaintiff's Various Arguments are Unavailing.**

Plaintiff argues that the ALJ erred in relation to the opinions of Dr. F. Wilson, another non-examining state agency review physician. Like the testifying medical expert and the other non-examining state agency review physician, Dr. Wilson opined Plaintiff can perform light work (A.R. 60-62).  Unlike those other physicians, however, Dr. Wilson also opined: (1) Plaintiff should avoid concentrated exposure to extreme cold; and (2) Plaintiff should be limited to "occasional" reaching and handling with the right upper extremity (A.R. 61). Plaintiff argues that the ALJ should have included these limitations

in the ALJ's residual functional capacity assessment and in the ALJ's
hypothetical questioning of the vocational expert.  As discussed
below, no material error occurred.

Social Ruling 96-6p and 20 C.F.R. sections 404.1527(f)(2)(i) and
416.927(f)(2)(i) require consideration of the opinions of state agency
review physicians and some explanation concerning the weight accorded
to those opinions.  In the present case, the ALJ expressly considered
the opinions of the "DDS medical consultants" (i.e. the state agency
review physicians, including Dr. Wilson) (A.R. 14).  The ALJ also
expressly accorded those opinions "great weight" (id.).  Plaintiff
evidently argues that the ALJ should have explained precisely why the
ALJ failed to adopt Dr. Wilson's opinions concerning exposure to cold
and alleged limitations in reaching and handling.  It is uncertain
whether the law requires this level of explanatory detail.  See Nyman
v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986) (an ALJ need not
explicitly detail the reasons for rejecting the contradicted opinions
of a non-treating physician).

In any event, assuming arguendo the ALJ erred by not adopting
every aspect of Dr. Wilson's opinions, the error was harmless.  The
Administration may deny disability benefits where the claimant can
perform the claimant's past relevant work as "actually performed" or
as "usually" or "generally" performed.  See Pinto v. Massanari, 249
F.3d 840, 845 (9th Cir. 2001); Social Security Ruling 82-62.  As
"usually" or "generally" performed, none of Plaintiff's past relevant
work required exposure to extreme cold.  See Dictionary of
Occupational Titles 299.357-014, 195.367-018, 187.167-186.  As

1   "usually" or "generally" performed, Plaintiff's past relevant work as

2   a telephone solicitor required only occasional reaching and handling.

3   See Dictionary of Occupational Titles 299.357-014; see also Pinto v.

4   Massanari, 249 F.3d at 845 ("the best source for how a job is

5   generally performed is usually the Dictionary of Occupational

6   Titles").[2]  Thus, adoption of Dr. Wilson's opinions regarding extreme

7   cold and handling/reaching limitations would not have altered the

8   conclusion that Plaintiff can work.

9

10      Plaintiff also appears to argue that the ALJ should have expanded

11  the record by sending Plaintiff to a consultative examining physician

12  for another opinion.  The ALJ has a "special duty to fully and fairly

13  develop the record."  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.

14  1983).  "Full" development of an administrative record always involves

15  a matter of degree.  One plausibly may argue in virtually every case

16  that additional investigation or inquiry might have been useful.

17  Here, however, Plaintiff's mere invocation of the ALJ's duty to

18  develop the record does not remedy Plaintiff's failure to carry her

19  burden of proving she is disabled from performing her past relevant

20  work.  Further, the Administration "has broad latitude in ordering a

21  _____

22      [2]   Plaintiff's challenge to the completeness of the
    hypothetical posed to the vocational expert also fails to
23  demonstrate harmful error.  Because the ALJ properly found
    Plaintiff could perform her past relevant work, the ALJ need not
24  have consulted a vocational expert.  See Matthews v. Shalala, 10
    F.3d 678, 681 (9th Cir. 1993); Miller v. Heckler, 770 F.2d 845,
25  850 (9th Cir. 1985).  Moreover, given the information in the
    Dictionary of Occupational Titles, there is no reason to believe
26  that the inclusion of Dr. Wilson's recommended limitations in the
    hypothetical questioning of the vocational expert would have
27  altered the expert's testimony as to the job of telephone
    solicitor.
28

consultative examination," and a claimant does not have "an affirmative right to have a consultative examination performed by a chosen specialist." Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001) (citations and quotations omitted).  Under the circumstances of the present case, the ALJ's failure to order a consultative examination of Plaintiff did not effect a failure fully and fairly to develop the record.  Finally, there is no reason to believe that a consultative examination would have produced a different result.

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 5, 2016.

/S/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]    The Court has considered and rejected each of Plaintiff's arguments.  Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration.  See generally McLeod v. Astrue, 640 F.3d at 887-88 (discussing the standards applicable to evaluating prejudice).